## Bown v. Pennsylvania Securities Commission

*Snyder, Miller, Hull & Hull,* for plaintiff.

*W. H. Neely,* special deputy attorney general, for Pennsylvania Securities Commission.

WICKERSHAM, J., February 20, 1932. — It appears from the record that Di Pietro & Co. made application to the Pennsylvania Securities Commission for registration of the plaintiff as a salesman. The securities commission directed the plaintiff to appear for examination. After the testimony of witnesses was received the commission refused to register the plaintiff in a well-written opinion. This appeal followed.

We have read the testimony from which it appears, briefly, that while the plaintiff was a registered salesman for Pernie Simons & Co. he sold, through one of his agents, to Paul C. Ettinger, of Allentown, $4000 worth of debenture gold bonds of the Atlantic Gas and Electric Company at ninety and accrued interest. This sale was only made after the plaintiff agreed with the purchaser to repurchase said bonds within one year at ninety and accrued interest. This sale was made in August, 1930. In October, 1930, the purchaser requested Pernie Simons & Co. to repurchase the bonds according to the agreement, which the said company failed to do. The Atlantic Gas and Electric Company defaulted in the payment of interest, and it now appears that the bonds held by

Ettinger are worthless; he can find no market for them, and they, therefore, cannot be sold, and the money which he invested on the strength of the agreement to repurchase the bonds signed by the plaintiff as vice president of Pernie Simons & Co. is lost.

We think the agreement made by Bown, even with the consent of his employer, was "fraudulent practice," as provided in section two (f) of The Securities Act of April 13, 1927, P. L. 273, which provides: "The terms 'fraud,' 'fraudulent,' 'fraudulent practice,' shall include . . . any promise or representation or prediction as to the future not made honestly and in good faith." The plaintiff had an extended experience as a salesman of securities and knew, or must have known, the value of the bonds he was selling to Ettinger; he also knew that Ettinger would not purchase unless the sale was guaranteed. The practice pursued by Bown and his company and the promise made by them were necessary in order to persuade Ettinger to make the purchase.

We find that the findings of fact and conclusions of law on the part of the commission are supported by the evidence and the Securities Act under which the commission functions. Its action, therefore, is approved and affirmed by this court.

The plaintiff now requests that he be given a rehearing under section eight of the act, which request is based on the letter from Di Pietro & Co., dated March 26, 1931, from which we quote:

"I should also like to withdraw Mr. Bown's application. So that I may do this, I respectfully request that you reconsider your refusal to register Mr. Bown. Your reconsideration is desired so that Mr. Bown may be free to apply for registration as a salesman for some other reputable house without prejudice. . . .

"If, to reconsider your refusal to register Mr. Bown requires a formal hearing, I hereby respectfully request that you fix the time and place for such a hearing."

We think the commission could not grant this request. Section eight of The Securities Act provides, inter alia:

"If the commission declines or fails to so register the applicant, it shall immediately give notice of the fact to the applicant, and, upon request from such applicant filed within ten days after the receipt of such notice, shall fix a time and place for hearing, of which ten days' notice shall be given to such applicant and to other persons interested or protesting to offer evidence relating to the dealer's application."

It is perfectly apparent, on reading this section, that the plaintiff was not entitled to a hearing under this section which only authorized such hearing to permit plaintiff to offer evidence relating to the dealer's application. That is not the purpose for which the application was made, as appears by reference to the letter of Di Pietro & Co., from which we have quoted. We think the commission was without authority to permit the applicant to withdraw Bown's application after it had rendered its decision. Said application could have been withdrawn at any time prior to the rendering of a decision by the commission, but there would be no more justification for permitting the withdrawal of the plaintiff's application after a decision by the commission than there would be for allowing a plaintiff to suffer a voluntary nonsuit after a verdict for the defendant.

The action of the commission in refusing to register the plaintiff as a salesman is, therefore, approved and the appeal is dismissed, at the cost of the plaintiff.

From Homer L. Kreider, Harrisburg, Pa.